Augustin **ESCAMILLA–VERA,**
Petitioner—Appellant,

v.

Michael B. **MUKASEY,** Attorney General, Respondent—
Appellee.

No. 06–56821.

United States Court of Appeals,
Ninth Circuit.

Submitted June 3, 2008.*

Filed June 6, 2008.

Linda G. Pollack, Law Office of Linda Pollack, David A. Schlesinger, Guerrero Jacobs & Schlesinger LLP, San Diego, CA, for Petitioner–Appellant.

Samuel W. Bettwy, Office of the U.S. Attorney, San Diego, CA, for Respondent–Appellee.

Before: O'SCANNLAIN and TALLMAN, Circuit Judges, and SINGLETON **, Senior District Judge.

MEMORANDUM ***

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable James K. Singleton, United States District Judge for the District of Alaska, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

We must decide whether the district court clearly erred in concluding that the mother of Petitioner Augustin Escamilla–Vera was not present in the United States for five years between her fourteenth birthday and her son's birth. This determination is significant because if Petitioner's mother was present for that period, her son is a citizen of the United States by birth, and, therefore, is not removable based on his commission of an aggravated felony. *See* 8 U.S.C. § 1401(a)(7) (1952).

The district court did not clearly err in finding that the testimony of Petitioner's mother, Patricia Vera–Avina ("Avina"), was incredible. Her testimony was inconsistent and unsupported by documentary evidence. For example, her brother submitted an affidavit stating that Avina had lived with him in Chicago from 1965 to 1966. His affidavit, which he admittedly prepared to help Petitioner obtain citizenship, does not mention either the two years Avina allegedly lived in Chicago from 1960–62 or the multiple two- to three-month visits Avina allegedly made to Chicago from 1965 to 1968. Avina testified before the Immigration Judge that she had moved to the United States in 1964, but the documentary evidence shows that she did not arrive in the United States until March 1965. The joint affidavit submitted by the women who allegedly cared for Avina's children while she was in the United States did not mention Avina's allegedly multiple two- to three-month trips to Chicago. When asked to explain this omission, Avina stated that "those were short periods." The district court could reasonably doubt this explanation.

Nor can we say that the district court was unreasonable to question whether a mother would spend so much time away from her infant children to care for her grandmother, whose illnesses were not life threatening, when other family members were in Chicago and could have cared for the grandmother. Moreover, Avina testified before the Immigration Judge that she was in the United States in 1964, but her son was born in Mexico in 1964. Nor, despite her testimony, could Avina have been in the United States through October 1966 because she gave birth to a daughter in Mexico in February 1967, and she made no mention of her husband visiting her in the United States in the nine months prior to the birth.

The district court did not clearly err in concluding that Petitioner failed to meet his burden of establishing citizenship.

AFFIRMED.